815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Gordon J. PENNELL, Defendant-Appellant
 No. 85-1990.
 United States Court of Appeals,
Sixth Circuit.
 March 4, 1987.
 
 Before MERRITT, WELLFORD and NORRIS, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 Gordon Pennell appeals from the District Court's denial of his motion for a new trial. In his motion, Mr. Pennell alleged that the government knowingly used perjured testimony, suppressed evidence, and intimidated government witnesses. Mr. Pennell appeals on the grounds that the District Court erred by denying his motion without a full evidentiary hearing. For the reasons stated below, we affirm the District Court.
 
 
 2
 Gordon Pennell was charged with eleven criminal counts as a result of his participation in a "reverse buy" of cocaine arranged by undercover D.E.A. agents. This operation was set up with the help of an informant known as "Pizza Man" who had been an associate of Mr. Pennell. After a jury trial in which Pizza Man testified for the government, Mr. Pennell was convicted on all but one count of the indictment. He was sentenced to a total of ten years imprisonment and a $25,000 fine. Mr. Pennell's conviction was affirmed by this Court in United States v. Pennell, 737 F.2d 521 (6th Cir.1984), cert. denied, 469 U.S. 1158 (1985).
 
 
 3
 Mr. Pennell subsequently moved for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. This motion was based on newly-discovered evidence which was supposed to show that perjury was committed by Pizza Man and that the government suppressed evidence and intimidated certain defense witnesses. The "newly discovered evidence" consisted of written statements by Charles Massab and Gerald Zaremski which were attached to the Rule 33 motion. The statements of two other individuals were also attached but were later withdrawn by counsel.
 
 
 4
 The District Court held a consolidated hearing on the Rule 33 motion and a separate motion for production of the grand jury transcript. It appears from the record that the movant intended to call six witnesses to testify in support of the Rule 33 motion. For various reasons, however, none of these witnesses actually testified at the hearing.[1] As a result, the written statements of Mr. Massab and Mr. Zaremski were the only evidence that could be considered by the District Court in support of the Rule 33 motion. See Gordon v. United States, 178 F.2d 896, 901 (6th Cir.1949), cert. denied, 339 U.S. 935 (1950)(affidavit, deposition, and sworn testimony only acceptable forms of evidence to support a new trial motion). The District Court entered an order denying the motion for a new trial on November 27, 1985, and subsequently amended this order to state that no evidentiary hearing was held.[2]
 
 
 5
 Under certain circumstances, the prosecutor has an affirmative duty to share evidence with the accused. The nature of this duty has been defined in a number of cases, the best-known of which is Brady v. Maryland, 373 U.S. 83 (1963). Failure to comply with the mandate of these cases may justify a new trial for the defendant, depending on the factual circumstances of the case. The Supreme Court has adopted two different tests in this area: a general standard, and a special test to be used where the suppressed evidence indicates the knowing use of perjured testimony by the government. Since perjury is included among Mr. Pennell's Brady claims, it is necessary for us to review both tests.
 
 
 6
 Where the Brady evidence reveals that the government knowingly used perjured testimony, the court must find the use of that evidence harmless beyond a reasonable doubt under Chapman v. California, 386 U.S. 18, 24 (1967), in order to avoid a new trial. United States v. Bagley, 105 S.Ct. 3375, 3382 (1985). The use of such a light materiality test is justified because the conduct involved--knowing use of perjured testimony--presents not just prosecutorial misconduct, but "a corruption of the truthseeking function of the trial process." United States v. Aqurs, 427 U.S. 97, 103-4 (1976).
 
 
 7
 Where the Brady evidence does not involve the knowing use of perjured testimony, however, the Court has adopted a harder standard for the defendant to meet, one which requires a "reasonable probability" that the outcome of the trial would have been different if the evidence had been presented. Bagley, 105 S.Ct. at 3384. In this line of cases, the Court refused to apply the Chapman test because of the burden it would place on the prosecution. Aqurs, 427 U.S. at 111-12. At the same time, however, it rejected a higher standard in order to give effect to the government's special duty in a criminal prosecution:
 
 
 8
 [T]he fact that such evidence was available to the prosecutor and not submitted to the defense places it in a different category than if it had simply been discovered from a neutral source after trial. For that reason the defendant should not have to satisfy the severe burden of demonstrating that newly discovered evidence probably would have resulted in acquittal. If the standard applied to the usual motion for a new trial based on newly discovered evidence were the same when the evidence was in the State's possession as when it was found in a neutral source, there would be no special significance to the prosecutor's obligation to serve the cause of justice.
 
 
 9
 Aqurs, 427 U.S. at 111 (emphasis supplied)(citation omitted).
 
 
 10
 Applying these tests to the present case, it is clear that Mr. Pennell has failed to establish either of his Brady allegations. Since Mr. Pennell's witnesses at the evidentiary hearing all indicated that they would take the Fifth Amendment, the statements of Mr. Massab and Mr. Zaremski provided the entire evidentiary basis for the Brady claims. These statements, even if taken as true, do not conclusively prove either intimidation or perjury.
 
 
 11
 Pennell's defense at trial was entrapment by an informant. The two statements in question primarily attack the credibility of that informant by alleging that he continued to be involved with drugs after becoming an informant. The statements make general allegations that the affiants were under an "imoression" that the D.E.A. agents were threatening them not to testify. There is noth.ng in the statements indicating that Pennell did not have the information at the time of trial or that the government suppressed it. The statements attack the informant's credibility on matters collateral to the facts regarding Pennell's entrapment defense and do not go to the heart of the case.
 
 
 12
 Taking the information in the two affidavits in the light most favorable to Pennell, we do not believe that it meets the tests outlined above. General allegations that the witnesses took the Fifth Amendment because they believed that government agents preferred that they not testify, or because the trial court advised them of their constitutional rights, do not meet the Brady test. The statements are simply insufficient to show government misconduct.
 
 
 13
 Alternatively, if we treat Pennell's motion as one for a new trial based on newly discovered evidence, he must demonstrate that the evidence is both substantial and newly discovered. The movant must show:
 
 
 14
 (1) the evidence is newly discovered;
 
 
 15
 (2) it could not have been discovered earlier with due diligence; and
 
 
 16
 (3) the evidence is not merely cumulative or impeaching. United States v. Barlow, 693 F.2d 954, 966 (6th Cir.1982), cert. denied, 461 U.S. 945 (1983). These conditions are designed to protect the finality of judgments against a flood of new trial motions from tireless defendants.[3]
 
 
 17
 Under Rule 33 of the Federal Rules of Criminal Procedure a defendant is entitled to a new trial. "if required in the interests of justice." Fed.R.Crim.P. 33. The District Court's disposition of the new trial motion will only be overturned if it constitutes an abuse of discretion. Barlow, 693 F.2d at 966. In reaching its decision, the District Court can only consider evidence by affidavit, deposition, or sworn testimony in open court. Gordon, 178 F.2d at 901.
 
 
 18
 Reviewing the evidence that was before the District Court, it is obvious that the trial judge acted well within his discretion when he denied the motion for a new trial. The defendant did not establish any of the three preconditions necessary for a successful new trial motion.
 
 
 19
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 Witnesses Barry Campaqna, Nicholas Abraham, and John Immel each indicated that they would claim their Fifth Amendment privileges with respect to all aspects of their testimony. The testimony o. Charles Martell was supposed to reveal the proposed testimony of Campagna, Abraham, and Immel, but it was excluded as hearsay. Finally, the defense made no attempt to call the last two witnesses: Charles Massab and Gerald Zaremski. Wh:le the reason for this is unclear, it should be noted that Mr. Massab had also invoked his Fifth Amendment privilege while testifying at Mr. Pennell's first trial
 
 
 [2]
 Mr. Pennell argues that the District Court did not hold an evidentiary hearing on his new trial motion. It is clear from the record, however, that a hearing was in fact held. Although this hearing was not very productive, any insufficiency resulted from the unwillingness of Mr. Pennell's witnesses to testify and not error by the District Court
 
 
 [3]
 See 3 C. Wright, Federal Practice and Procedures Criminal ), Sec. 557, at 315 (2d ed. 1982)